UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

GREGORY JON PISKIEL,                          Case No. 21-10727-t7
                                                                       Chapter 7

       Debtor.

## CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY
## ASKEW & WHITE, LLC AS GENERAL BANKRUPTCY COUNSEL

Edward A. Mazel, the Chapter 7 trustee (the "**Trustee**") of the above-captioned bankruptcy estate (the "**Trustee**"), pursuant to 11 U.S.C. § 327(a), requests that the Court approve his employment of Askew & White, LLC ("**Askew & White**") as the Trustee's Chapter 7 counsel in accordance with the terms and conditions set forth below. In support of this Application, the Trustee states:

1.        <u>Procedural Status of the Case</u>. On June 11, 2021 (the "**Petition Date**"), Gregory Jon Piskiel (the "**Debtor**"), commenced the above-captioned case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed as the Chapter 7 Trustee for this case and continues to serve in that capacity.

2.        <u>Trustee's Employment of Askew & White</u>. The Trustee wishes to employ Askew & White as his counsel in the Debtor's bankruptcy case. Specifically, the Trustee requests the employment of Askew & White to assist the Trustee in pursuing and recovering property that may be property of the estate and examining any exemptions claimed by the Debtor. The Trustee also requests the employment of Askew & White to analyze the Debtor's non-exempt assets, including pursuing and recovering any non-exempt equity that the estate may be entitled, to assist in employing other professionals, if necessary, and evaluating the claims filed in the estate and administering the estate.

1

3. Also if necessary, the Trustee wishes to employ Askew & White as his counsel in the Debtor's bankruptcy case, in matters related to this bankruptcy case, including but not limited to, all possible contested matters and adversary proceedings that may arise, in any other matters in which the Trustee requires bankruptcy counsel, and in such other matters as the Trustee may request of Askew & White and which Askew & White may agree to perform. If necessary, such services may include:

(a) Representing and rendering legal advice to the Trustee regarding all aspects of conducting this bankruptcy case, including without limitation, representing the Trustee in contested matters, in claims objections and adversary proceedings, and all hearings before this Court;

(b) Preparing any necessary petitions, answers, motions, applications, orders, reports, and other legal papers;

(c) Assisting the Trustee in taking actions required to turnover or liquidate the estate under Chapter 7 of the Bankruptcy Code; and

(d) Performing any other legal services the Trustee deems appropriate and Askew & White agrees to perform. Askew & White's services would not include rendering advice in tax, securities, personal injury, environmental, labor, or criminal law, unless mutually agreed between the Trustee and Askew & White on a matter-by-matter basis. The Trustee is not presently represented by counsel in this case.

4. To the best of the Trustee's knowledge, information, and belief, Askew & White has no connection with the Trustee, the Debtor, the Debtor's creditors, or any other party in interest or their respective attorneys, other than the connections set out in Askew & White's disclosure, attached hereto as <u>Exhibit A</u>.

2

5. Askew & White attorneys who may perform legal services for the Trustee include James A. Askew, whose hourly rate is $325.00, Daniel A. White, whose hourly rate is $250.00, and Benjamin Jacobs, whose hourly rate is $185.00. Any other attorneys who may be employed by Askew & White would be billed at their regularly hourly rates. Paralegals are billed at an hourly rate of $95.00 - $120.00 per hour.

6. Askew & White itemizes and charges separately for certain costs and expenses, such as postage, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at Askew & White's actual cost. Askew & White also charges for photocopies ($.10 per page), actual printing costs ($.05 per page), and gross receipts tax on fees and costs.

7. Askew & White would render monthly statements to the Trustee. The Trustee seeks authority to pay Askew & White pro-rata with other allowed Chapter 7 administrative expense claims. All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under Bankruptcy Code §§ 328, 330 and 331. Askew & White's fee applications would contain a detailed statement showing services performed by Askew & White for compensation received.

8. The Trustee's employment of Askew & White is in the best interest of the estate. The Trustee believes that the estate has potential assets that will require time and legal expertise to recover in the manner that maximizes value to the estate.

9. As of the date of filing this Application, the Trustee has not paid Askew & White any amounts in connection with this case

10. The Trustee requests that Askew & White's employment be made effective as of the date this Application is filed.

WHEREFORE the Trustee requests approval of his employment of Askew & White as an administrative expense in accordance with the terms and conditions set out above, and for all other just and proper relief.

Respectfully submitted,

ASKEW & WHITE, LLC

By: *s/ filed electronically*
    James A. Askew
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    Telephone: 505.433.3097
    Facsimile: 505.717.1494
    jaskew@askewwhite.com
*Proposed Counsel for the Chapter 7 Trustee*

This certifies that on August 3, 2021, a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case.

*s/ filed electronically*
James A. Askew